# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CR0336 DJS |
| ) | |
| REGINALD WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the Government's motion to revoke bond. [Doc. 116] An evidentiary hearing was held on June 1, 2005, in which the Government presented the testimony of Dr. Thwan Han.

The threshold issue in this matter is Defendant's objection to the testimony of Dr. Han, Defendant's treating psychiatrist. Defendant asserts that a federal psychiatrist-patient privilege prevents Dr. Han from testifying about conversations that occurred between Dr. Han and Defendant in the treatment of Defendant. The Government argues that the privilege exists but urges the Court to apply a "dangerous-patient" exception. "[A] psychotherapist privilege covers confidential communications made to licensed psychiatrists and psychologists." **Jaffee v. Redmond**, 518 U.S. 1, 15 (1996). The Supreme Court extended this federal privilege to confidential communications made to licensed social workers in the course of psychotherapy. **Id.** However, the Court, in discussing the privilege, noted that "we do not doubt that there are situations in which the privilege must give way,

for example, if a serious threat of harm to the patient or to others can be averted only by means of a disclosure by the therapist." **Id.** at 18 n.19. There is a split in the circuits which have directly confronted the dangerous-patient exception. In **United States v. Glass**, 133 F.3d 1356, 1360 (10th Cir. 1998), the Tenth Circuit held that the psychotherapist can testify if a serious threat was uttered, and its disclosure is the only means to avert possible harm. **Id.** In **United States v. Hayes**, 227 F.3d 578, 585-86 (6th Cir. 2000) and **United States v. Chase**, 340 F.3d 978, 985-92 (9th Cir. 2003), the Sixth and Ninth Circuits held that there is no dangerous-patient exception to this privilege. The Eighth Circuit Court of Appeals in dicta referred to the dangerous-patient exception to the psychotherapist-patient privilege in cases in which a threat of danger existed, but the exception was not relevant to the case decided by the court. **Newton v. Kemna**, 354 F.3d 776, 784 (8th Cir. 2004).

Prior to hearing testimony in this case, the Court applied the dangerous-patient exception to the psychotherapist-patient privilege and permitted Dr. Han to testify over the objection of Defendant. The Court finds that in balancing the loss of the privilege in exceptional circumstances with the threat of danger or harm to an individual or individuals, the loss of the privilege outweighs the possible danger to the community.

The Government produced the testimony of Dr. Han who testified that Defendant voluntarily committed himself to St. Alexius Hospital on May 18, 2005, because Defendant felt overly depressed and felt that he required help to regain control of his emotions and to prevent any loss of control. Defendant advised Dr. Han that he was convicted in federal court, and he believed that he was innocent and wrongfully convicted. Defendant further advised the doctor that he was broke and could no longer be a police officer. Defendant also

stated to Dr. Han that he was "angry and he might kill the people who did this to him." Defendant was not more specific about this threat. Defendant told the doctor that he no longer had access to weapons.

Dr. Han contacted Defendant's attorney and the office of the judge who presided over the trial to inquire about Defendant's legal prognosis. Dr. Han was unable to obtain sufficient information to satisfy his concerns about the possibility of Defendant's potential sentence. Dr. Han testified that he believed he had a legal and ethical duty to "warn and protect," and therefore he contacted the St. Louis Police Department about Defendant's statement. Dr. Han testified that in his opinion it is not possible or likely that Defendant is a danger to himself or to the community, and, that except for this unidentified legal duty that required the doctor to report Defendant's statement, he would not have contacted the police. The doctor testified that he does not believe that the Defendant is a threat to himself or others. Dr. Han also testified that if Defendant remains on the three prescribed medications for depression and continued therapy as directed, it is not likely or probable that Defendant will present a threat to himself or to the community. Dr. Han believes that Defendant will honor his commitments to continue the therapy and medication.

Pretrial Services Officer Lisa Lazier advised the Court and the parties that she has supervised Defendant while on bond, and that Defendant demonstrated no signs of danger to himself or to the community throughout the supervision.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion to revoke bond [Doc. 116] is denied.

**IT IS FURTHER ORDERED** that Defendant is reinstated on bond and directed to continue with psychiatric treatment and medication, as well as to continue with all other conditions of bond.

/s/ Thomas C. Mummert, III  
THOMAS C. MUMMERT, III  
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of June, 2005.